UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>    v.<br><br>MARK A. CATANZANO,<br>        Defendant. | )<br>)<br>)<br>)  Criminal No. 03-10230-GAO<br>)<br>)<br>) |

### FINAL ORDER OF FORFEITURE

**O'TOOLE, D.J.**

WHEREAS, on April 8, 2005, this Court entered a Preliminary Order of Forfeiture against Defendant Mark A. Catanzano's interests in the following assets:

    a.    2002 Toyota Avalon, VIN No. 4T1BF28B62U240296;

    b.    $129,583.18 from Fleet Bank savings account number 0122468014;

    c.    $11,142.91 from Fleet Bank checking account number 0022468014;

    d.    $82,671.84 from Sovereign Bank New England account number 61300064948;

    e.    Residence at 970 Whipple Road, Tewksbury, Massachusetts;

    f.    Bluegreen Corporation timeshare in Aruba, Unit 218BC, WK15, Casa Grande Resort Cooperative Association, d/b/a/ la Cabana Beach and Racquet Club; and

    g.    $35,110.50 in United States Currency, seized from Banknorth, N.A. checking account number 8241842091, on or about July 24, 2003,

(collectively, the "Assets");

WHEREAS, pursuant to the Preliminary Order of Forfeiture the United States published notice of the Preliminary Order in the <u>Boston Herald</u> on May 3, 2005, May 10, 2005, and May 17, 2005, and duly served written notice on all persons known to assert interests in the Assets;

WHEREAS, on May 27, 2005, Claimant Kiki S. Catanzano (the "Claimant") filed a Petition for Hearing asserting an interest, individually and on behalf of her minor son, Greg Kelly, in some or all of the following assets, pursuant to 21 U.S.C. § 853(n), incorporated by 28 U.S.C. § 2461(c):

    c.    $11,142.91 from Fleet Bank checking account number 0022468014 (the "Fleet Funds");

    d.    $82,671.84 from Sovereign Bank New England account number 61300064948 (the "Sovereign Funds"); and

    g.    Residence at 970 Whipple Road, Tewksbury, Massachusetts (the "Real Property"),

(collectively, the "Contested Assets");

WHEREAS, the Claimant asserted prior vested and superior interests in some or all of the Contested Assets pursuant to 21 U.S.C. § 853(n)(6)(A), incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c);

WHEREAS, on November 21, 2005, the United States filed a Verified Complaint for Forfeiture <u>in</u> <u>Rem</u> (the "Complaint") against the Contested Assets, Civil Action No. 05-12337-GAO (the "Civil Action"), alleging that they were subject to civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C)

and 981(a)(1)(D)(i);

WHEREAS, on December 29, 2005, the Claimant filed a claim in the Civil Action asserting an interest, individually and on behalf of her minor son, in some or all of the Contested Assets;

WHEREAS, no other claim or petition has been filed in this case or in the Civil Action asserting any interest in the Contested Assets, and the time periods within which to do so have expired;

WHEREAS, after extensive discovery and negotiations concerning the Contested Assets in this and the Civil Action, the parties have agreed upon the resolution of this forfeiture proceeding in the manner set forth below, which they agree, and this Court concludes, is fair, just, and reasonable under all of the circumstances;

WHEREAS, pursuant to the parties' agreement, the Claimant has executed, and the government has filed, a waiver of her claims and assignments of her interests to Defendant Mark A. Catanzano for purposes of forfeiture in this case; and

WHEREAS, the parties have jointly moved for entry of a final order of forfeiture as set forth below;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Fleet Funds and the Sovereign Funds are hereby forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, 28 U.S.C. § 2461(c), and Fed.R.Crim.P. 32.2.

2. The Defendant shall forfeit to the United States the sum of $172,980.00 in United States currency, pursuant to 18 U.S.C. §§ 981 and 982, 28 U.S.C. § 2461(c), and Fed.R.Crim.P. 32.2.

3. Pursuant to the waiver that has been filed with this Court, the claim filed by Kiki S. Catanzano, individually and on behalf of her minor son, Greg Kelly, is hereby dismissed.

4. All others asserting any right, title, or interest in the Contested Assets are hereby declared in default.

5. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

6. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 2 to satisfy the money judgment in whole or in part. The United States may not seek forfeiture of the Real Property except as set forth in the parties' Joint Motion for Final Order of Forfeiture.

                                                                                     _____
George A. O'Toole, Jr.
United States District Judge

Dated: _October 31, 2006_

5